1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7    HAROLD J. CARPENTER,

8                           Plaintiff,          NO: 13-CV-0382-TOR

9         v.                                    ORDER ON CROSS MOTIONS FOR
                                                SUMMARY JUDGMENT
10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
11   Administration,

12                          Defendant.

13

14        BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF

15   No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14). Plaintiff

16   is represented by Lora Lee Stover. Defendant is represented by Nicole A. Jabaily.

17   This matter was submitted for consideration without oral argument. The Court has

18   reviewed the administrative record and the parties' completed briefing and is fully

19   informed. For the reasons discussed below, the Court grants Plaintiff's motion and

20   denies Defendant's motion.

     / /

     ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 1

1        JURISDICTION

2        The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

3    1383(c)(3).

4        STANDARD OF REVIEW

5        A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

7    limited:  the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158–59 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a

10   reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

11   (quotation marks and citation omitted).  Stated differently, substantial evidence

12   equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.*

13   (quotation marks and citation omitted).  In determining whether this standard has

14   been satisfied, a reviewing court must consider the entire record as a whole rather

15   than searching for supporting evidence in isolation.  *Id.*

16       In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.   If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity.  20 C.F.R.

§ 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of

the enumerated impairments, the Commissioner must find the claimant disabled

and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 5

1   establish that (1) the claimant is capable of performing other work; and (2) such

2   work "exists in significant numbers in the national economy."  20 C.F.R.

3   § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

4                                ALJ FINDINGS

5           Plaintiff filed an application for disability benefits and supplemental security

6   income on August 21, 2009, alleging that he became disabled on May 21, 200l.[1]

7   Tr. 202–04.  Plaintiff's supplemental security income application was denied

8   initially on November 13, 2009, and it was denied again upon reconsideration on

9   March 3, 2010.[2]  Tr. 127–30, 134–36.  Plaintiff requested a hearing before an ALJ

10  which was held on May 8, 2012.  Tr. 46–93.  The ALJ denied Plaintiff's

11  application for supplemental security income on June 13, 2012, concluding that

12  Plaintiff was not disabled under the Act.  Tr. 23–33.

13          At step one, the ALJ found that Plaintiff had not engaged in substantial

_____

14  [1] Plaintiff had previously filed claims for disability benefits and supplemental

15  security income on August 2, 2004.  These applications resulted in a February 23,

16  2007, ALJ determination that Plaintiff was disabled for a closed period from May

17  21, 2001, until July 14, 2002.  Tr. 99–112.

18  [2] Plaintiff's claim for benefits under Title II was denied October 11, 2009.  Tr.

19  123–25.  Plaintiff concedes he was last insured on December 31, 2006, and does

20  not therefore meet the insured status requirements.  ECF No. 13 at 2 n.2.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 6

gainful activity since August 21, 2009, the date of Plaintiff's application for Title

XVI benefits.  Tr. 25.  At step two, the ALJ found that Plaintiff had severe

impairments consisting of lumbar degenerative disc disease with facet arthropathy,

right knee torn meniscus with status post arthroscopic repair, left hip bursitis,

asthma, and obstructive sleep apnea with use of CPAP machine.  Tr. 25–28.  At

step three, the ALJ found these impairments, individually or in combination, did

not medically meet or exceed a listed impairment.  Tr. 28–29.  The ALJ then

determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR § 416.967(b) with the ability
> to lift and carry 20 pounds at a time and 1 0 pounds frequently, as well
> as stand/walk and sit for 6 hours during an 8-hour workday except the
> claimant is unlimited in his ability to push/pull; frequently balance,
> occasionally climb ramps/stairs, stoop, crouch, kneel, and crawl; but
> never climb ropes/ladders/scaffolds.  As for environmental
> restrictions, the claimant must avoid all exposure to unprotected
> heights and use of moving machinery; avoid concentrated exposure to
> poorly ventilated areas, and irritants such as fumes, odors, dust,
> chemicals, gases and smoke; and moderate exposure to excessive
> vibration.

Tr. 29.  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work.  Tr. 31.  At step five, after considering Plaintiff's age, education,

work experience, and RFC, the ALJ found Plaintiff could perform other work

existing in significant numbers in the national economy in representative

occupations such as price marker, ticket seller, and cashier.  Tr. 32–33.  Thus, the

ALJ concluded that Plaintiff was not disabled and denied his claim on that basis.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 7

1    Tr. 33.

2        On July 13, 2012, Plaintiff requested review of the ALJ's decision by the

3    Appeals Council.  Tr. 17–19.  The Appeals Council denied the request on May 3,

4    2013, Tr. 1–6, making the ALJ's decision the Commissioner's final decision

5    subject to judicial review.  42 U.S.C. §§ 405(g), 1 383(c)(3); 20 C.F.R.

6    §§ 416.1481, 422.210.

7                                        DISCUSSION

8        Plaintiff seeks judicial review of the Commissioner's final decision denying

9    his supplemental security income under Title XVI of the Social Security Act.

10   While Plaintiff has presented a number of issues in this appeal, the Court

11   concludes the ALJ erred in failing to properly evaluate the medical opinions at step

12   two, and therefore remands the case for further proceedings.

13       Plaintiff contends the ALJ erred in his step two analysis because he did not

14   properly take into account medical evidence that Plaintiff suffers severe

15   impairments from the residual effects of his head injury.  As defined in the

16   regulations, "[a]n impairment or combination of impairments is not severe if it

17   does not significantly limit [the claimant's] physical or mental ability to do basic

18   work activities."  20 C.F.R. § 416.921(a).  "Basic work activities" include, *inter*

19   *alia*, "[u]nderstanding, carrying out, and remembering simple instructions."  20

20   C.F.R. § 416.921(b).  In other words, "an impairment is found not severe . . . when

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 8

medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28, 1985 WL 56856 (Jan. 1, 1985)).

Plaintiff contends his residual mental effects severely limit his ability to perform basic work activities.  In determining, at step two, the severity of mental functional limitations, an ALJ must consider the claimants:  (1) daily activities; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. 404, subpt. 1, app. 1, 12.00(C); SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("Paragraph B" limitations "are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.").  If the ALJ concludes that the limitation is "mild" or "none" in the first three functional areas and "none" in the fourth area, a finding that the impairment is not sever is appropriate, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 416.920a(d)(1); *see also Fisher v. Astrue*, 788 F.Supp.2d 1219, 1229–30 (E.D. Wash. 2011).

In evaluating daily activities for mental impairments, the ALJ must "assess the quality of these activities by their independence, appropriateness, effectiveness, and sustainability."  20 C.F.R. § 404, subpt. 1, app. 1, 12.00(C)(1).  Here, the ALJ

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 9

concluded Plaintiff was only mildly limited in his daily activities.  To support this conclusion the ALJ simply cited Dr. Charbonneau's notation that Plaintiff walked most days, carried out chores at home, went shopping with his wife, and arrived at the evaluation groomed and neatly dressed.  This limited recitation of Plaintiff's daily activities does not evaluate his ability to act independently, effectively, and in a sustainable manner.  Dr. Charbonneau reported that Plaintiff suffers more significant mental impairments, including that Plaintiff requires help in remembering where he is driving, that his general and working memory functions on the Wechsler Memory Scale are both "Extremely Low," and that Plaintiff has significant difficulty in retrieving recently learned information.  Tr. 509, 510, 511. While an ALJ is not required to discuss evidence that is neither significant or probative, e.*g.*, *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012), this evidence, which bears on Plaintiff's ability to perform daily activities independently, effectively, and sustainably, is both significant and probative in making a determination about the severity of Plaintiff's mental impairment.

In evaluating the social functioning of a claimant, an ALJ evaluates a claimant's "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals."  20 C.F.R. § 404, subpt. 1, app. 1, 12.00(C)(2).  The ALJ concluded that Plaintiff had a mild limitation in his social functioning because he "attended church every week and spent time with friends,

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 10

although he spent most of his time at home." Tr. 27.  Again, the evidence cited by the ALJ does not address the concerns expressed in the regulations.  That Plaintiff regularly attends church, has some friends, and spends most of his time at home does not indicate Plaintiff's capacity to interact independently, appropriately, effectively, and on a sustained basis with others as would relate to his ability to perform basic work activities.

In evaluating a claimant's concentration, persistence, or pace, an ALJ must evaluate the claimant's "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  20 C.F.R. § 404, subpt. 1, app. 1, 12.00(C)(3). Here, the ALJ concluded that Plaintiff was mildly limited.  To support this conclusion, the ALJ noted that Plaintiff's "wife told him one thing at a time, which he wrote down, including his appointments."  This observation relates more to the Plaintiff's inability to independently and effectively accomplish daily activities than it does his ability to sustain focused attention and complete tasks.  The ALJ also noted that Dr. Charbonneau had found Plaintiff's "work pace was consistent and he adapted well to changes in task," but this quote is taken out of context from the entirety of Dr. Charbonneau's report where it referred to Plaintiff's ability to perform the tests administered, not his ability to perform activities in a work setting.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 11

1    Finally, in evaluating whether a claimant has episodes of decompensation,

2    an ALJ must evaluate the record for "exacerbations or temporary increases in

3    symptoms or signs accompanied by a loss of adaptive functioning, as manifested

4    by difficulties in performing activities of daily living, maintaining social

5    relationships, or maintaining concentration, persistence or pace."  20 C.F.R. § 404,

6    subpt. 1., app. 1, 12.00(C)(4).  As the ALJ noted, the record does not indicate that

7    Plaintiff has suffered from any episodes of decompensation.

8        The foregoing illustrates how the ALJ failed to comprehensively evaluate

9    the factors laid out by the regulations.  Instead, the ALJ apparently relied upon the

10   November 2009 opinion of Dr. Sean Mee, to which he gave "great weight."  Tr.

11   27, 31.  Dr. Mee concluded that Plaintiff was only mildly impaired in his daily

12   activities, social functioning, and concentration, persistence, and pace.  Tr. 533.

13   Plaintiff contends the ALJ erred in weighing Dr. Mee's opinion over that of Dr.

14   Charbonneau.

15       There are three types of physicians:  "(l) those who treat the claimant

16    (treating physicians); (2) those who examine but do not treat the claimant

17   (examining physicians); and (3) those who neither examine nor treat the claimant

18   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

19   *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 200l) (citations omitted)

20   (brackets in original).  "Generally, a treating physician's opinion carries more

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 12

weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Id. at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id.* at 1203, n. 2 (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–831 (9th Cir. 1995)).

Dr. Charbonneau administered psychological tests and personally examined Plaintiff in October 2009. Tr. 507–12. Dr. Mee merely issued an opinion after reviewing the medical evidence in the record, including Dr. Charbonneau's examination of Plaintiff. Tr. 523–36. Generally, Dr. Charbonneau's opinion should be weighed over Dr. Mee's opinion. *See Holohan*, 246 F.3d at 1202. To reject Dr. Charbonneau's opinion in favor of that of Dr. Mee, the ALJ must provide "specific and legitimate" reasons to do so. *See Bayliss*, 427 F.3d at 1216. In the ALJ's step-two analysis, he merely states that Dr. Mee concluded Plaintiff did not have a severe mental impairment without discussing the basis for Dr.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 13

Mee's conclusion or resolving the conflicts between Dr. Mee's opinion and that of Dr. Charbonneau.  This was legal error.  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").

In rejecting Dr. Charbonneau's opinion, the ALJ concluded simply that it was "inconsistent with the overall medical evidence" and "stood alone in the medical record."  Tr. 27, 31.  The ALJ offered no substantive discussion of why Dr. Charbonneau's opinion was inconsistent with the record nor did the ALJ provide specific reasons for rejecting the opinion other than to note it was not consistent with the bare conclusion of Dr. Mee that Plaintiff did not have any severe limitations.  "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13.[3]

---

[3] Defendant has cited to a number of places in the record purporting to indicate that "evaluations of Plaintiff from 2008–2011 show his memory was grossly intact." ECF No. 14 at 6.  However, there is nothing in the ALJ's order to indicate he relied upon this evidence, and the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 14

The Court also notes that Dr. Charbonneau's opinion is supported by extensive observations and explanations, including results from several widely accepted tests of mental capacity.  *E.g.*, Tr. 510–11.  Dr. Mee's opinion consisted primarily of filling in checkboxes on a stock review form with no explanation offered alongside the marks on the form.[4]  In such a situation, the regulations give more weight to the opinion of Dr. Charbonneau.  *See Holohan*, 246 F.3d at 1202. The ALJ offered no specific or legitimate reason to depart from Dr. Charbonneau's opinion.

The step two error is not harmless.  If Plaintiff's mental impairments are severe, they must be incorporated into the residual functional capacity assessment. A claimant's "residual functional capacity" is what a claimant can still do despite her limitations.  *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citation

he did not rely."  *Garrison*, 759 F.3d at 1010.

[4] The only explanation offered by Dr. Mee—placed at the end of the review and without surrounding context as to what opinions it affected—is that Plaintiff's current Wechsler test was inconsistent with a previous Wechsler test which indicated Plaintiff's performance was normal.  Tr. 535.  The ALJ made no reference to this explanation in his findings.  Dr. Mee also relied on a former ALJ determination that Plaintiff was malingering.  The ALJ in this case did not find Plaintiff was malingering.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 15

omitted).  Even if Plaintiff's mental impairments are ultimately deemed non-

severe, the ALJ must still incorporate all of Plaintiff's impairments when

formulating the residual functional capacity.  Social Security Ruling 96-8p (1996)

provides:

> In assessing RFC, the adjudicator must consider limitations and
> restrictions imposed by all of an individual's impairments, even those
> that are not "severe." While a "not severe" impairment(s) standing
> alone may not significantly limit an individual's ability to do basic
> work activities, it may—when considered with limitations or
> restrictions due to other impairments—be critical to the outcome of a
> claim.

SSR 96-8p at 5; see *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

When an ALJ's denial is based upon legal error or not supported by the

record, the usual course is for this Court to remand for further proceedings or

explanation.  *See Hill*, 698 F.3d at 1162.  Plaintiff urges the Court to conclude that

remand is not necessary and that the Court can find Plaintiff is disabled on the

record as it stands.  However, remand is appropriate "where there are outstanding

issues that must be resolved before a determination can be made, and it is not clear

from the record that the ALJ would be required to find the claimant disabled if all

the evidence were properly evaluated."  *Id*.  In this case, there remains outstanding

issues to resolve:  whether, at step two, when the evidence is properly evaluated,

Plaintiff's residual mental effects from his head injury severely impair his ability to

perform basic work activities; whether or not Plaintiff's mental impairments are

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 16

severe, the ALJ must consider the limitations and restrictions imposed by all of

Plaintiff's impairments in assessing his residual functional capacity in order to

perform step five.  In making these determinations, the Commissioner must

properly evaluate the factors identified in the regulations, *see* 20 C.F.R. § 404,

subpt. 1., app. 1, 12.00(C)(1)–(4), and must properly evaluate the medical opinions

of the evaluating and reviewing medical experts.  Whether, a proper evaluation of

the medical opinions and factors can be reconciled with the ALJ's existing adverse

credibility determination or any of the other remaining issues in the case is for the

Commissioner to decide in the first instance.

**IT IS HEREBY ORDERED:**

      1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **GRANTED.**

      2.  Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED.**

      3.  Pursuant to sentence four of 42 U.S.C. § 405(g), this action is

          **REVERSED** and **REMANDED** to the Commissioner for further

          proceedings consistent with this Order.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

      **DATED** October 8, 2014.



                        THOMAS O. RICE
                  United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 17